91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodolfo Duclayan MARQUEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70149.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1996.*
Decided July 15, 1996.
 
 1
 Before: SCHROEDER and HAWKINS Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Petitioner Rodolfo Marquez seeks review of the Board of Immigration Appeal's (BIA) denial of his motion to reopen deportation proceedings on the grounds that he was eligible for relief under the waiver provision of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1251(f). We remand the proceedings to the Board to consider Marquez's petition to reopen the deportation proceedings.
 
 
 4
 Marquez entered the United States in 1980 on a second preference visa as the unmarried son of his mother, then a lawful permanent resident. At the time of his entry, Marquez was married and ineligible for a waiver visa. Deportation proceedings were initiated by the BIA in 1985. In 1991, the BIA allowed Marquez 30 days voluntary departure, but instead of leaving, Petitioner married his girlfriend, a lawful permanent resident. In 1988, before they were married, Marquez had a child, by birth a United States citizen.
 
 
 5
 Marquez requested in July 1991, that the BIA reopen the deportation proceedings on the grounds that he had received ineffective assistance of counsel and was eligible for relief under the waiver provision of INA § 241, 8 U.S.C. § 1251(f), as the spouse of a LPR and father of a U.S. citizen child. The BIA denied his motion to reopen in January 1995, holding that it was unlikely that Marquez would be entitled to discretionary relief.
 
 
 6
 The statutes do not provide for reopening a deportation proceeding. However, the authority for such motions derives from regulations promulgated by the Attorney General which provide:
 
 
 7
 Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing ...
 
 
 8
 8 C.F.R. § 3.2.
 
 
 9
 The decision to grant or deny a motion to reopen is a discretionary one. I.N.S. v. Doherty, 112 S.Ct. 719, 724 (1992). In the present case, the BIA denied Petitioner's motion to reopen on the ground that he was unlikely to receive discretionary relief. We review the BIA's decision for abuse of discretion. Id. at 725.
 
 
 10
 "The abuse of discretion standard requires that the BIA consider all relevant factors without acting in an arbitrary, illegal, or irrational fashion." Casem v. I.N.S., 8 F.3d 700, 702 (9th Cir.1993) (citing Braun v. I.N.S., 992 F.2d 1016, 1019 (9th Cir.1993). Thus, the BIA must take " 'into account the social and humane considerations presented in an applicant's favor and balanc[e] them against the adverse factors that evidence the applicant's undesirability as a permanent resident.' " Rashtabadi v. I.N.S., 23 F.3d 1562, 1570 (9th Cir.1994) (quoting Yepes-Prado v. I.N.S., 10 F.3d 1363, 1365-66 (9th Cir.1993).
 
 
 11
 Marquez's ineffective assistance of counsel claim is without merit. He has not indicated how the failure to file a brief in 1988 prejudiced his asylum, withholding, or waiver claims. Indeed, Marquez does not contest the denial of his asylum and withholding claims. Moreover, the waiver provision in effect in 1988 offered Petitioner no relief, since by its terms it applied only to unmarried offspring of lawful permanent residents and citizens under the age of 21. Counsel's failure to file a motion based on the 1990 amendment was not prejudicial because the new version of the waiver was without retroactive effect. Finally, this court is precluded from considering Marquez's claim that former counsel failed to adequately inform him that the marriage laws had changed in 1990 because Marquez failed to raise that issue during agency proceedings. El Rescante Legal Services v. Executive Office of Immigration Review, 959 F.2d 742, 746 (9th Cir.1991).
 
 
 12
 We find that the BIA abused its discretion in rejecting Marquez's petition to reopen the deportation proceedings. The BIA acknowledged the existence of Marquez's family ties with his wife and citizen child, but limited the weight assigned to these relationships because they were acquired after a final order of deportation had been issued. The BIA did not err in giving limited weight to the wife's hardship because she was aware that Marquez was under a deportation order when she married him. See Obitz v. Dist. Director of I.N.S., 623 F.2d 1331, 1333 n. 2 (9th Cir.1980); Ghassan v. I.N.S., 972 F.2d 631, 635 (5th Cir.1992), cert. denied, 507 U.S. 971 (1993). However, the child was born to Marquez and his present wife in 1988, several years before the BIA's first deportation order. The BIA should not have minimized the significance of the relationship with this child. In addition, the BIA should have considered a number of other relevant factors presented in the motion to reopen, including: Marquez's family ties with his mother, a U.S. citizen; his steady employment record as restaurant head cook; his regular payment of taxes; and evidence of his good moral character, as shown by the previous grants of voluntary departure, which are predicated on a finding of good character. The BIA's failure to adequately consider these factors in connection with Marquez's petition constituted an abuse of discretion. See Casem v. I.N.S. supra.
 
 
 13
 The proceeding is now remanded to the BIA to reconsider Marquez's motion to reopen the deportation proceedings.
 
 
 
 *
 This panel unanimously finds that this case is suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Circuit Rule 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3